UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:21 CR 493 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| William Mangelluzzi, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 24).  For the following reasons, the motion is DENIED.

Defendant pled guilty to Conspiracy to Operate an Illegal Gambling Business and attempted tax evasion. He was sentenced on October 26, 2021, to a term of imprisonment of 6 months followed by three years of supervised release. Defendant now seeks compassionate release citing the COVID-19 pandemic and its risks to him given his obesity and chronic respiratory afflictions. Alternatively, defendant asks that his sentence be converted to home confinement.  He states that he presents no danger to the community in that he is a non-violent offender.

1

After a defendant exhausts his administrative remedies, defendant-filed motions seeking release under § 3582(c)(1)(A) are resolved by considering (1) whether extraordinary and compelling circumstances merit a sentence reduction and (2) whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020). The third consideration set forth in the statute, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. U.S.S.G. § 1B1.13; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

This Court need not determine whether or not defendant must exhaust his administrative remedies because the Court finds that defendant is not entitled to compassionate release. The Court agrees with the government that defendant fails to demonstrate extraordinary and compelling reasons based on his health conditions given that these conditions existed at his recent sentencing and defendant had jointly recommended the guideline range in the plea agreement. Nor do the § 3553(a) factors weigh in favor of defendant's immediate release. While defendant is a non-violent offender, he engaged in illegal gambling and tax evasion. He must be required to serve the minimal sentence this Court imposed. Release would not reflect the seriousness of defendant's offenses, promote respect for the law, or provide just punishment for the offense. Moreover, this Court cannot grant defendant's request for home confinement because the exclusive authority to determine a prisoner's place of incarceration ─ including home confinement ─ rests with the BOP, not with the sentencing court. 18 U.S.C. § 3621(b).

For these reasons, defendant's Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(1)(A) is denied.

IT IS SO ORDERED.

Dated: 2/23/22

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge